UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REGINALD BELL, SR.,

                Petitioner,

   v.

JEFFREY UTTECHT,

                Respondent.

No. C12-5215 RBL/KLS

ORDER DENYING MOTION FOR DISCOVERY

This 28 U.S.C. § 2254 petition has been assigned to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S. C. § 636(b)(1) and Local MJR 3 and 4. On March 26, 2012, Petitioner was granted leave to proceed *in forma pauperis* (ECF No. 6) and the Court directed service of the habeas petition. (ECF No. 11). Petitioner has filed a motion for leave to conduct discovery in order to "produce evidence, permit inspection and copying of City of Fife Municipal Court records and orders identified by Petitioner." ECF No. 10. After careful review, the Court finds that the motion should be denied.

**DISCUSSION**

Rule 6(a) of the Rules Governing Section 2254 Cases provides:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .

Rule 6(a), 28 U.S.C. foll. § 2254.

"[T]here was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions which, even in ordinary civil litigation, were 'one of the most significant

ORDER - 1

innovations' of the new rules." *Harris v. Nelson*, 394 U.S. 286, 295 (1969). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "In federal habeas corpus actions, the parties are entitled to use discovery procedures available under the Federal Rules of Civil Procedure only with the court's permission." *Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985). Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n. 4 (9th Cir. 1985). Absent a showing of good cause, a court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999); *McDaniel v. U.S. Dist. Court*, 127 F.3d 886 (9th Cir. 1997). To show good cause, the petitioner must set forth specific facts showing that discovery is appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

In addition, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited. A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has

ORDER - 2

the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the factual record that was before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). In *Pinholster*, the Court explained the "backward-looking language" of the statute "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court." *Id*. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400.

Further, pursuant to Rule 5(c) of the rules governing § 2254 cases provides that the Respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed. The State must attach to its answer any parts of the transcript it deems relevant. Once this is done, the Court, on its own motion or upon request of the Petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). Except in limited circumstances, the district court does not make independent factual determinations. *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.)

Petitioner has not shown how discovery is necessary or proper to resolve his federal habeas petition. In addition, the Respondent has not yet been served, much less answered or submitted relevant portions of the state court record. Accordingly, discovery is not necessary or proper at this time and Petitioner's motion for discovery (ECF No. 10) is **DENIED**.

DATED this 29th day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4