HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| REGINALD BELL, SR., | No. C12-5215RBL |
| Plaintiff, | ORDER |
| v. | [Dkts. #18, 19, 20] |
| JEFFREY UTTECHT, | |
| Defendant. | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff has moved for reconsideration of the Court's order denying discovery. (Pl.'s Mot. for Reconsideration, Dkt. #18.) Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff has presented no grounds for reconsideration and the motion is therefore **DENIED**.

Order - 1

### DEFENDANT'S MOTION FOR EXTENSION OF TIME

The State requests an extension of time in order to gather and review Plaintiff's state court record.  The motion is **GRANTED**.  Defendant's answer is due **June 13, 2012**.

### PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Rule 6(a) of the Rules Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . ."  Rule 6(a), 28 U.S.C. foll. § 2254.  "[T]here was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions which, even in ordinary civil litigation, were 'one of the most significant innovations' of the new rules."  *Harris v. Nelson*, 394 U.S. 286, 295 (1969).  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  "In federal habeas corpus actions, the parties are entitled to use discovery procedures available under the Federal Rules of Civil Procedure only with the court's permission."  *Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985).  Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction."  *Austad v. Risley*, 761 F.2d 1348, 1355 n. 4 (9th Cir. 1985).  Absent a showing of good cause, a court should deny a motion for leave to conduct discovery.  *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999); *McDaniel v. U.S. Dist. Court*, 127 F.3d 886 (9th Cir. 1997).  To show good cause, the petitioner must set forth specific facts showing that discovery is appropriate in the particular case.  *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)).  "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."  *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

In addition, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited. A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the factual record that was before the state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). In *Pinholster*, the Court explained the "backward-looking language" of the statute "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court." *Id*. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400.

Plaintiff asserts that "[i]t is clear from the record" that evidence submitted at his trial was false. Specifically, Plaintiff argues that his counsel "ascertained" that certain state court "SODA orders" were altered to reflect an earlier date of issue.

The Court must conclude that Plaintiff fails to show grounds to conduct discovery. He acknowledges that his defense counsel had access to the documents he believes are false, had evidence of their falsity, and yet the documents were admitted at trial. Plaintiff appears to seek to review the state court's evidentiary findings and fails to explain how discovery would improve the materials already available to support his claims. The motion is therefore **DENIED**.

//
//
//
//
//

### CONCLUSION

For the reasons stated above, Plaintiff's motion of reconsideration (Dkt. #18) is **DENIED**, Defendant's motion of extension of time (Dkt. #19) is **GRANTED**, and Plaintiff's motion for leave to conduct discovery (Dkt. #20) is **DENIED**.

Dated this 18th day of May 2012.

Ronald B. Leighton
United States District Judge